JOHN ECKSTEIN BEATTY, Assignee of the WARNER COMPANY, a corporation under the laws of New Jersey *vs.* ELISHA S. PARSONS and CHARLES H. LIPPINCOTT, Sheriff.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—DELIVERY OF POSSESSION—NECESSITY.

Under *Rev. Code* 1852, amended to 1893, *p.* 526, *c.* 63, § 4, providing that no sale shall be good unless the chattels are actually delivered to the buyer, an assignment for the benefit of creditors, executed in a sister state by a foreign corporation, which includes chattels in Delaware in the actual possession of a third person, is in effect a bill of sale; and where no delivery has been made to the assignee, the assignment does not establish title in him sufficient for him to sue in replevin a subsequent attaching creditor alleging title in another.

On Motion for New Trial.

2. SALES—DELIVERY—SUFFICIENCY—QUESTION FOR JURY.

Where a buyer of chattels in possession of a bailee of the seller directed the bailee to perform acts of ownership over the chattels, the question of the buyer's title made complete by sale and delivery, within *Rev. Code* 1852, amended to 1893, *p.* 526, *c.* 63, § 4, providing that no sale shall be good unless the chattels are delivered to the buyer, was for the jury, though the buyer testified that the chattels had never been delivered to him.

3. SALES—DELIVERY—ACTS CONSTITUTING.

Where chattels in the hands of a bailee are sold, delivery may be made, either by order of the seller on the bailee to deliver to the buyer, or by an order of the buyer on the bailee, making the latter the bailee of the buyer.

(*January* 25, 1911.)

Judges CONRAD and WOOLLEY sitting.

*Edward Glenn Cook* and *Frank L. Speakman* for plaintiff.

*Herbert H. Ward* (of *Ward, Gray* and *Neary*) for the defendant Parsons.

*Walter H. Hayes* for the Sheriff.

Superior Court, New Castle County, January Term, 1911.

ACTION OF REPLEVIN (No. 28, September Term, 1909), to recover from defendants the possession or value of a lot of gas and electric fixtures, to which the plaintiff alleged he was entitled, under a certain assignment for the benefit of creditors made to him by the Warner Company, a corporation under the laws of New Jersey. A verdict was directed for the defendants, and subsequently a new trial was ordered. The facts and questions presented appear in the opinion of the court. (Same case demurrer to replication was overruled, 2 *Boyce* 134, 78 *Atl.* 302.)

At the trial, the plaintiff having testified that a paper (the due execution of which was admitted by counsel for defendants, but not its admissibility as evidence) handed to him by his counsel was an assignment of the chattels in question, made to him for the benefit of creditors by the Warner Company, said paper was offered in evidence by the plaintiff's counsel for the purpose of proving a title in the plaintiff. Counsel for defendants objected to the admission of the paper in evidence and pending the decision of the court upon the objection, elicited from the plaintiff the fact that there was no actual delivery to him of the goods mentioned in the deed of assignment before replevin issued. After hearing argument and the citation of authorities by the respective counsel, the court rendered the following opinion sustaining the objection and ruling out the paper as evidence.

WOOLLEY, J., delivering the opinion of the court:

John Eckstein Beatty, the plaintiff, in proof of his claim of title or right to the possession of certain gas and electric fixtures which constitute the personal property involved in this controversy, has submitted evidence to the effect that the gas and electric fixtures were made and manufactured by the Warner Company, a concern doing business in the City of Philadelphia; that by that company they were delivered to John T. Wendt and Company of this city about the middle of December, 1907, under an agreement in writing by which the latter company became bailee thereof; that they were the property of the Warner Company when so delivered and were tagged as its property and otherwise distinguished from other property in possession of John T. Wendt and Company; that they remained the property of the Warner Company until August, 1908, when the title thereto was transferred by it to the plaintiff under a deed of assignment for the benefit of its creditors, made in accord with the law of Pennsylvania; that in the early part of May, 1909, a writ of foreign attachment was issued out of this court by Parsons, one of the defendants in this action, against one Ramsberger, and in its execution the fixtures here in controversy were attached as the property of Ramsberger; that thereafter Beatty, as assignee of the Warner Company,

brought this action of replevin to reclaim or secure possession of the property taken under the process of foreign attachment, and in support of his title thereto, he offers in evidence the deed of assignment made by the Warner Company to himself for the benefit of creditors of that company.

[1] The defendants, having pleaded property in another and traversed the plaintiff's claim of title, object to the admission of the deed in evidence on several grounds, the one which has received our consideration being, that the alleged conveyance by this deed of assignment is in contravention of *section* 4, *c*. 63, *p*. 526, *Rev. Code.* This section is in fact the first section of the statute of frauds in the State of Delaware, and provides that

"No sale, whether with or without bill of sale, of any goods or chattels, within this state, shall be good in law (except as against the vendor), or shall change or alter, the property in such goods or chattels, unless a valuable consideration for the same shall be paid, or in good faith secured to be paid, and unless the goods and chattels sold shall be actually delivered into the possession of the vendee as soon as conveniently may be after the making of such sale.

"And if such goods and chattels, so sold, shall afterwards come into and continue in the possession of the vendor, the same shall be liable to the demands of all of his creditors."

This section, which is like its English original, has received judicial interpretation, not only in the jurisdiction of its origin, but in this state. The first case that we find in our reports touching the interpretation of this statute is the case of *Perry v. Foster*, 3 *Harr.* 293, in which Chief Justice Bayard, in charging the jury, makes the statement that

"In the case of a sale where nothing appears but the sale and nondelivery of possession the transaction is *per se* void; but in case of public sale by auction, as the great badge of fraud, secrecy, is wanting, the transaction is not void *per se*, but it must be left to the jury to say whether the sale is conducted in good faith."

The next case is that of *Layton and Sipple v. Steele*, 3 *Harr.* 512, in which a levy upon personal property was made under execution process after sale of the property by the assignment of

a bill of sale and before the delivery of the property thereunder. The court in substance held that the possession of the assignor was not thereby the constructive possession of the assignee, and as the sale was not accompanied by the delivery of the property, the rights of intervening execution creditors attached and precluded recovery by replevin.

Following these cases are *Taylor v. Richardson*, 4 *Houst.* 300, *Cleaver v. Ogle*, 1 *Houst.* 453, *Hagany v. Herbert*, 3 *Houst.* 628, and *Miller v. Lacey*, 7 *Houst.* 8, 30 *Atl.* 640. In the last-named case, Chief Justice Comegys, in announcing the law upon the statute under consideration, said:

"In order to make a valid and perfect sale of property, there must be a delivery of it at the time of the transaction, or as soon thereafter as the circumstances existing will permit. This is the general law with respect to the subject, recognized and acted upon by the courts throughout the country. In order to fully inform the public mind about the requisites of a valid sale, the Legislature of this state re-enacted the principal features of the English statutes of frauds and perjuries and laid down the law of sales by the fourth section of such re-enactment in the following words:

" 'No sale, whether with or without bill of sale, of any goods or chattels, within this state, shall be good in law (except as against the vendor), or shall change, or alter, the property in such goods or chattels, unless a valuable consideration for the same shall be paid, or in good faith secured to be paid, and unless the goods and chattels sold shall be actually delivered into the possession of the vendee as soon as conveniently may be after the making of such sale.

" 'And if such goods and chattels, so sold, shall afterwards come into and continue in the possession of the vendor, the same shall be liable to the demands of all his creditors.'

"To make a sale valid, therefore, in this state, so as to change the property in the articles and vest it in the buyer, there must be an actual delivery into the hands of the purchaser as soon as conveniently may be after the sale is made. Where articles are capable of delivery by hand, and are present at the time of the sale,

they should be at once handed over to the buyer. Where they are not present, they should be delivered without any delay except such as their absence necessarily occasions. Where they are not capable of actual delivery, on account of their bulkiness, or other like cause, they should be placed at once, or with all convenient promptness, within the exclusive power and control of the purchaser, as by the delivery to him of the means by which he may possess himself of them—an assignment of the bill of lading where goods have been shipped, the key of the warehouse where the goods are stored, the necessary papers indicating ownership under the law of ships or vessels, and the like.   *   *   *

"Now a party claiming goods formerly belonging to another, and claimed by the other's creditors to still belong to him, must be prepared to show that he gave valuable consideration, or price, for them either in money or other valuable thing, or secured the same to be paid, and also that possession of the goods was delivered to him as required by the statute, and that he has retained the exclusive control over them since the sale."

As Beatty, the plaintiff in the case at bar, has himself testified that no delivery of the fixtures was ever made to him, it is evident that the deed of assignment, in the face of the statute and of this admission, would not, if admitted in evidence, establish in him a title upon which alone he could maintain this action. True it may be that the title to the chattels was in the Warner Company until the deed of assignment, and for want of delivery it may rest there still, yet Beatty as plaintiff in replevin, claiming the right to immediate possession of the chattels, must rely first upon the title of the Warner Company, and second upon the transmutation of it to him, which could be effected only by assignment and delivery. If delivery had been made or were a matter susceptible of dispute under the evidence, we readily see how the deed might be admissible, but as the deed in effect is a bill of sale and as the plaintiff has admitted that no delivery of the goods therein mentioned had been made to him before the issuing of process in this action, the deed of necessity is without force as evidence of title.

We therefore sustain the objection.

When the plaintiff rested, counsel for defendant asked the court to give the jury binding instructions to find a verdict for the defendant for the value of the goods and chattels mentioned in the declaration as proved to their satisfaction by the evidence in the case, the evidence being that their value was from $250 to $300.

Counsel for plaintiff opposed the application, contending that the court could not give binding instructions to the jury as requested, because of the state of the pleadings.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—Under the state of the evidence in this case, when considered with respect to the law that applies to its subject-matter, the court is constrained to give you binding instruction to return a verdict in favor of the defendants for the value of the goods and chattels mentioned in the declaration. You will therefore render a verdict for the defendants for an amount equal to the value of the goods and chattels replevied, as shown by the evidence.

Verdict for defendants for $200.

Counsel for the plaintiff moved for a new trial on the ground that the verdict was against the law and the evidence.

WOOLLEY, J., announcing the decision of the court:

The verdict that was rendered in this case was the logical and necessary result of the court's ruling on a question of evidence.

In support of his claim of title to the property replevied, the plaintiff, at the trial, offered in evidence a deed of assignment, made to him by an insolvent company, purporting to convey to him the property for the benefit of the company's creditors, pursuant to a statute of the State of Pennsylvania. The plaintiff himself, having previously testified that the property so sold or transferred to him had never been delivered to him, the court excluded from the testimony the deed of assignment, upon the ground that the admission of nondelivery of the property made that instrument of sale valueless as evidence of title, in view of the language of the statute of frauds, which provides that, "No

sale  *  *  *  of goods and chattels,  *  *  *  shall be good in law,  *  *  *  unless the goods and chattels sold shall be actually delivered into the possession of the vendee as soon as conveniently may be after the making of such sale." *Rev. Code*, *c*. 63, § 4.

The nondelivery of the property sold being admitted, and the instrument of sale for that reason being rejected, there was left neither an issue of title nor of delivery to be submitted to the jury, and as a consequence the jury was instructed to return a verdict for the defendants.

[2] Although it is not disputed that the plaintiff testified that the property in controversy was never delivered to him, it now develops, upon hearing the motion for a new trial, that there was testimony in the case, not adverted to upon the motion for binding instructions, that after the date of the deed of assignment and shortly before the attachment was laid under execution process, the plaintiff, acting under the deed of assignment offered in evidence and rejected, by notice to John T. Wendt and Company, the bailee of the property had exerted or attempted to exert authority and to some extent had performed acts of ownership over the property.   [3] This testimony suggests the possibility of delivery, notwithstanding the general statement of the plaintiff to the contrary, for when property in action is in the hands of a bailee and is sold by the owner, delivery may be made either by the order of the vendor upon his bailee to deliver the same to the vendee, or by an order of the vendee himself upon the bailee, thereby making the bailee of the vendor the bailee of the vendee.   *Taylor v. Richardson*, 4 *Houst.* 303.   As there was in this case testimony of such an act by the vendee, there was sufficient evidence of delivery to justify admitting in evidence the instrument of sale, and the question of the plaintiff's title to the property, made complete by sale and delivery should have been left with the jury.   A new trial is therefore ordered.